**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1078**

CHERIE NOELLE MANESS,

    Plaintiff - Appellant,

  v.

CITY OF HIGH POINT, NORTH CAROLINA,

    Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:17-cv-00384-LCB-JEP)

Submitted: June 20, 2019        Decided: June 24, 2019

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert M. Elliot, Daniel C. Lyon, ELLIOT MORGAN PARSONAGE, PLLC, Winston-Salem, North Carolina, for Appellant. David L. Woodard, Kevin M. Ceglowski, Brett A. Carpenter, POYNER SPRUILL LLP, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cherie N. Maness appeals the district court's order accepting the recommendation of the magistrate judge and granting summary judgment to the City of High Point, North Carolina ("City"), in her action filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018). Maness alleged that the High Point Police Department denied her promotions from Captain to Major based on her gender. The City asserted that even if Maness could establish a prima facie case of discrimination, it had a legitimate, nondiscriminatory reason for its promotion decisions: that Maness' rigid and disciplinarian management style was unsuited to the vacant Major positions for which she applied. Finding no reversible error, we affirm.

Maness argues that the district court improperly resolved disputed facts in granting summary judgment. *See* Fed. R. Civ. P. 56(a), (c)(1). But questioning the credibility of the City's stated reason for not promoting Maness does not necessarily generate a genuine dispute of material fact, because the burden of establishing discrimination ultimately remains with Maness. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Once the City articulates a legitimate reason for its decisions, the burden shifts back to Maness to show that reason was pretextual. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). In holding that Maness failed to make that showing, the district court did not make a factual finding in favor of the City; it merely held Maness to her evidentiary burden.

We have reviewed the record and conclude that Maness did not allege facts supporting an inference of gender discrimination or pretext in the police force's individual promotion decisions. *See Page v. Bolger*, 645 F.2d 227, 230-31 (4th Cir. 1981); *see also Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 272 (4th Cir. 2005). Accordingly, we affirm for the reasons stated by the district court. *Maness v. City of High Point*, No. 1:17-cv-00384-LCB-JEP (M.D.N.C. Dec. 21, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*